# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2663

_____

Passaro Frango,                           *

                       *

          Petitioner,             *

                       *  Petition for Review of an

    v.                      *  Order of the Board of

                       *  Immigration Appeals.

                       *

Alberto R. Gonzales, Attorney    *

General of the United States,     *

                       *

          Respondent.        *

_____

Submitted: October 11, 2005

Filed: February 8, 2006

_____

Before ARNOLD, BOWMAN, and MURPHY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Passaro Frango petitions for review of a Board of Immigration Appeals (BIA) order upholding a decision of an immigration judge that Mr. Frango's asylum petition was frivolous. Because Mr. Frango did not raise his current arguments before the BIA, we deny his petition for review.

## I.

In his application for asylum, Mr. Frango, a native of Mauritania, stated that he had been a member of a group that he called the FNLM. He contended that because

of this membership he had suffered bodily harm and feared further retribution if forced to return to Mauritania. The IJ found that Mr. Frango's testimony at the asylum hearing was "inconsistent, misleading, and incredible," that there was no evidence to support either the FNLM's existence or Mr. Frango's membership in it, and that Mr. Frango made misrepresentations in his asylum application. As a result, the IJ held that the application for asylum was frivolous and noted that this holding would preclude Mr. Frango from receiving the benefits of other immigration laws. *See* 8 U.S.C. 1158(d)(6).

Mr. Frango appealed to the BIA. While that appeal was pending, the Immigration and Naturalization Service (before its functions were transferred to the Department of Homeland Security) approved what is called an I-130 petition for alien relative that Mr. Frango's wife, a United States citizen, had filed on his behalf. Generally, before an alien is considered for an adjustment of status based on his or her marriage to an American citizen, the citizen must file an I-130 petition supporting the existence of the marital relationship, *see* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A)(i); 8 C.F.R. §§ 204.1(a)(1), 204.2(a), and an approved I-130 petition may serve as *prima facie* proof of a bona fide marriage to a citizen of the United States, *see Patel v. Ashcroft*, 375 F.3d 693, 696 (8th Cir. 2004). With the approved petition in hand, Mr. Frango asked the BIA to remand the case to the IJ for an adjustment of his status to that of a permanent resident. In his request for a remand, Mr. Frango noted that he had not filed a brief on the frivolousness issue within the time provided, and he described that issue as "moot" in light of the approved I-130 petition. Although the BIA had not addressed the issue of frivolousness, it granted Mr. Frango's remand request.

After the remand, Mr. Frango asked the IJ to adjust his status to that of a permanent resident based on the approved I-130 Petition. The INS opposed the request, arguing that Mr. Frango's frivolous asylum application made him ineligible for any such adjustment. No new evidence concerning the asylum application was

introduced. The IJ again held that the application was frivolous and summarily denied Mr. Frango's request. The BIA affirmed, concluding that the IJ's finding of frivolousness was not clearly erroneous, and this appeal followed.

II.

The Immigration and Nationality Act prohibits an alien who knowingly files a frivolous asylum application from receiving any benefits under that act. *See* 8 U.S.C. § 1158(d)(6); *see also* 8 C.F.R. 208.20. One such benefit is an adjustment of an alien's status to permanent residence because of a bona fide marriage to a United States citizen.

Mr. Frango makes two distinct legal arguments here. The first is that the BIA, in remanding the case to the IJ, implicitly concluded that Mr. Frango's asylum application was not frivolous. This determination became the law of the case, the argument runs, so the IJ had no power to revisit the issue on remand. Mr. Frango also contends that he was deprived of due process because the IJ was biased against him and denied him a fair hearing.

As part of its response, the government points out that neither the law-of-the-case argument nor the due-process argument was raised below. Because these issues were not presented to the BIA, the government contends that we should refrain from considering them here. We agree. We conclude that Mr. Frango should have first put these issues before the agency for adjudication. His failure to raise them at the agency level precludes our review of them at this stage.

Section 1252(d)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 requires a petitioner, as a condition to judicial review, to have "exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). After considering the manner in which the courts had interpreted the same exhaustion language in the previous version of the judicial-

review provision, *see* 8 U.S.C. § 1105a(c) (1994), we concluded in *Etchu-Njang v. Gonzales*, 403 F.3d 577, 581-83 (8th Cir. 2005), that Congress likely intended by enacting § 1252(d)(1) to continue to require that an alien not only pursue all stages of administrative review, but also raise all issues before the agency.

Regardless of whether § 1252(d)(1) precludes us from addressing unexhausted issues, a court-imposed exhaustion requirement is appropriate here. *See id.* at 583. The strongest case for imposing an exhaustion requirement exists where the administrative proceedings closely resemble a trial. *Sims v. Apfel*, 530 U.S. 103, 109-110 (2000). As we noted in *Etchu-Njang*, 403 F.3d at 583, "removal proceedings before the [agency] generally are adversarial and employ many of the same procedures used in Article III courts." Here the proceeding before the IJ and the BIA was an adversarial one in which Mr. Frango was represented by counsel.

We are aware that courts may craft exceptions to judicially-created exhaustion requirements "where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the ... administrative agency below." *Hormel v. Helvering*, 312 U.S. 552, 557 (1941). We may, for instance, excuse a failure to exhaust where other parties raised the issue, *see Natural Res. Def. Council, Inc. v. EPA*, 824 F.2d 1146, 1150-51 (D.C. Cir. 1987), or where the party failed to raise an issue because to do so would have been futile, *City Bank Farmers' Trust Co. v. Schnader*, 291 U.S. 24, 34 (1934). There is little reason to think that these limited exceptions would undermine the parties' respect for the administrative proceeding or impair the efficiency of the agency's operations. They would, however, help ensure that justice was done.

But the facts here strongly counsel an adherence to our general exhaustion rule. No other party presented the issues to the BIA, and Mr. Frango has not shown that it would have been futile for him to do so. Nor has he offered us another reason to exempt him from the general exhaustion requirement, and we see nothing in the record

-4-

that prevented him from pressing before the agency the arguments that he now asks us to address, *cf. Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1052-53 (11th Cir. 1996).

Once the BIA remanded the case to the IJ, Mr. Frango had the opportunity to argue to the IJ that the BIA had implicitly concluded that his asylum claim was nonfrivolous, and that this ruling bound the IJ as the law of the case. If the IJ rejected this argument, Mr. Frango could have pressed the issue in his appeal to the BIA. Similarly, it was to the BIA, not to this court, that Mr. Frango should have first raised his allegations that the IJ deprived him of a fair hearing. Even though we would not defer to the BIA were these matters of law properly before us, *see Al Khouri v. Ashcroft*, 362 F.3d 461, 463-64 (8th Cir. 2004), presenting these issues first to the BIA would have served "very practical notions of judicial efficiency," and the exhaustion requirement serves to preserve the autonomy and effectiveness of federal agencies. *McKart v. United States*, 395 U.S. 185, 195 (1969); *see also Hormel*, 312 U.S. at 556.

### III.

For the reasons stated above, we deny the petition for review.

_____