# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3229

_____

| | | |
|---|---|---|
| Julio G. Ibarra-Terrazas, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Alberto Gonzales, | * | |
| United States Attorney General, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: June 13, 2006
Filed: August 28, 2006

_____

Before LOKEN, Chief Judge, ARNOLD, Circuit Judge, and DOTY,[1] District Judge.

_____

ARNOLD, Circuit Judge.

Julio Ibarra-Terrazas appeals the decision of the Board of Immigration Appeals, which dismissed as untimely his appeal from an immigration judge's decision finding him removable and ineligible for relief from deportation. We affirm.

Mr. Ibarra-Terrazas, a lawful permanent resident of the United States, pleaded guilty in state court to two counts of indecent liberties with a child under sixteen years

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

of age and served over two years' imprisonment. The Department of Justice then instituted deportation proceedings against him. An immigration judge in Missouri ordered Mr. Ibarra-Terrazas to be deported and rejected his request for relief from deportation. The Board of Immigration Appeals rejected his appeal of the immigration judge's decision as untimely because it was filed one day later than allowed by the regulation in effect at the time, 8 C.F.R. § 3.38(b) (1997). Mr. Ibarra-Terrazas then filed a petition for habeas corpus under 28 U.S.C. § 2241 in a federal district court in Texas. But new legislation required the district court to transfer Mr. Ibarra-Terrazas's pending case to this court, the court of appeals for the circuit where the immigration judge had decided his case. The Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106, 119 Stat. 231, 310-11 (May 11, 2005); 8 U.S.C. § 1252(b)(2). We treat a case transferred under § 106(c) of The Real ID Act as if it was filed as a petition for review under § 1252. *See* The Real ID Act, Div. B, § 106(c), 119 Stat at 311.

The government contends that we do not have jurisdiction over Mr. Ibarra-Terrazas's petition because it fails to raise a constitutional claim or a question of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Salkeld v. Gonzales*, 420 F.3d 804, 809 (2005). We disagree. Mr. Ibarra-Terrazas maintains that the Board should have addressed the merits of his appeal despite its tardiness because the handling of the appeal was governed by 8 C.F.R. § 1103.3 and § 103.5(a)(3), which require that a decision on the merits be made if an untimely appeal meets certain requirements. Whether these regulations require a decision on the merits here is a question of law, which we have jurisdiction to address.

Unfortunately for Mr. Ibarra-Terrazas, the regulations that he cites apply to untimely appeals to decisions made by service officers. An appeal to the Board of an immigration judge's decision, on the other hand, is governed by 8 C.F.R. § 1003.38 (previously 8 C.F.R. § 3.38), which states that a notice of appeal "shall be filed within

30 calendar days after" the immigration judge's decision. The Board properly dismissed his appeal as untimely and declared the immigration judge's decision final.

Affirmed.

_____