# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4026

_____

| | | |
|---|---|---|
| Fadhel Chaloup Hassan, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| | * | Petition for Review from the |
| v. | * | Board of Immigration Appeals. |
| | * | |
| | * | [UNPUBLISHED] |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: February 16, 2007
Filed: February 26, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Fadhel Chaloup Hassan (Hassan), a native of Iraq, petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed Hassan's appeal of an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

The IJ determined that Hassan failed to file a timely asylum application and did not present an extraordinary circumstance that would allow for late filing of the application. Despite this determination, the IJ discussed the merits of Hassan's

application, finding that he had not suffered past persecution and did not have a well-founded fear of future persecution.

The REAL ID Act of 2005, codified in relevant part at 8 U.S.C. § 1252(a)(2)(B) and (D), permits judicial review under 8 U.S.C. § 1158(a)(2) where there is a claim of a constitutional violation or question of law. Absent such a claim, however, we lack jurisdiction to review the determination that an asylum application was barred as untimely filed. See 8 U.S.C. § 1158(a)(3) ("[n]o court shall have jurisdiction to review any determination of the Attorney General under [8 U.S.C. § 1158(a)(2)]"); Ibarra-Terrazas v. Gonzales, 461 F.3d 1046, 1048 (8th Cir. 2006) (finding jurisdiction to review questions of law); Ming Ming Wijono v. Gonzales, 439 F.3d 868, 871 (8th Cir. 2006) (recognizing that jurisdiction does exist to address constitutional claims); Tolego v. Gonzales, 452 F.3d 763, 766 (8th Cir. 2006) ("this court lacks jurisdiction to review either the IJ's determination that the asylum application was not timely filed or the Attorney General's decision rejecting the applicant's complaint of changed circumstances"). Here, Hassan contends that the IJ erred in determining that he had not established changed circumstances because Hassan mistakenly believed that he had a longer employment visa than had been granted. Such is a discretionary decision, and we lack jurisdiction to review that decision.

With respect to Hassan's request for withholding of removal and CAT relief, Hassan failed to present evidence of past persecution and no reasonable factfinder would be bound to find that Hassan had a well-founded fear of future persecution or that Hassan would be more likely than not intentionally subjected to torture. Hassan argues on appeal that in 1994 he was threatened with death if he refused to join the Ba'ath Party, however the IJ found that the only credible threat Hassan received was loss of his lecturing job at the University. A thorough review of Hassan's testimony before the IJ supports this finding, and there is no substantial evidence in the record that would support a reasonable fear of future persecution or torture. See Ming Ming Wijono, 439 F.3d at 872, 874 (8th Cir. 2006) (applicant seeking withholding of

removal had burden to show clear probability of persecution; to overcome substantial-evidence review standard, applicant must show that no reasonable factfinder could fail to find requisite probability of persecution; independent analysis of CAT claim is not required if it was based upon same factual basis as withholding-of-removal claim).

Hassan's remaining claim, that the IJ failed to consider whether it was impractical or inadvisable to remove Hassan due to the lack of a central functioning government, was not raised before the BIA and is unreviewable by this court. See 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies . . . ."); Frango v. Gonzales, 437 F.3d 726, 728 (8th Cir. 2006) (§ 1252(d)(1) requires that alien not only pursue all stages of administrative review, but also raise all issues before the agency).

The petition for review is denied. See 8th Cir. R. 47B.

_____