# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1690

_____

Hindar Irianto,                            *
                                           *
            Petitioner,                    *
                                           *   Petition for Review of a Final
      v.                                   *   Decision of the Board
                                           *   of Immigration Appeals.
Alberto Gonzales, Attorney General         *
of the United States of America,           *      [UNPUBLISHED]
                                           *
            Respondent.                    *

_____

Submitted:  March 16, 2007
    Filed:  March 23, 2007

_____

Before RILEY, BOWMAN, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Hindar Irianto (Irianto), a native and citizen of Indonesia, petitions this court for review of the decision of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ) denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We deny the petition.

At his hearing before the IJ, Irianto testified he was born in Indonesia and his wife and four children live in Indonesia.  Irianto testified that in 1984 he became affiliated with the Golput movement, a movement dissatisfied with the government which advocates abstention from participation in general government elections by

discouraging others from voting and by invalidating election ballots and related materials. Irianto testified he has been persecuted by the Golkar party, the ruling political party.

Irianto specifically testified that, during the 1997 general elections, some members of the Golkar party campaigned in front of his house and asked for Irianto's permission to use his pick-up truck. Irianto refused and, in retaliation, these Golkar party members threw rocks at his house, breaking windows. Irianto stated these individuals also made telephone calls threatening to harm him. Afraid of possible harm, Irianto testified he stayed away from his home after that incident and lived with friends until April 2000, when he entered the United States in Los Angeles, California, as a non-immigrant visitor with authorization to remain in this country until October 2000.

The Department of Homeland Security commenced removal proceedings against Irianto. At a hearing on November 15, 2004, Irianto sought asylum, withholding of removal, and protection under the CAT, stating the Golkar party would persecute him if he were forced to return to Indonesia. After the hearing, the IJ issued an oral decision (1) finding Irianto's application for asylum was untimely because he had not applied within one year of his arrival to the United States and (2) denying all of Irianto's other claims for relief. Irianto appealed to the BIA. Although the BIA disagreed with the IJ's determination that there was no credible evidence indicating the Golput movement existed, the BIA dismissed Irianto's appeal and affirmed the IJ's decision in all respects. Irianto petitions for review, arguing the IJ and BIA erred in denying his claims for asylum, withholding of removal, and protection under the CAT.

We review the BIA's determination under the substantial evidence standard and will reverse only if "it would not be possible for any reasonable fact-finder to come to the conclusion reached by the administrator." Menendez-Donis v. Ashcroft, 360 F.3d 915, 918 (8th Cir. 2004). Because the BIA adopted the IJ's decision and added

reasoning of its own, we review both decisions. <u>Setiadi v. Gonzales</u>, 437 F.3d 710, 713 (8th Cir. 2006).

The REAL ID Act of 2005, codified in relevant part at 8 U.S.C. § 1252(a)(2)(B) and (D), permits judicial review under 8 U.S.C. § 1158(a)(2) where there is a claim of a constitutional violation or question of law. Absent such a claim, however, we lack jurisdiction to review the determination that an asylum application was barred as untimely filed. <u>See</u> 8 U.S.C. § 1158(a)(3) (stating "[n]o court shall have jurisdiction to review any determination of the Attorney General under [8 U.S.C. § 1158(a)(2)]"); <u>Ibarra-Terrazas v. Gonzales</u>, 461 F.3d 1046, 1048 (8th Cir. 2006) (finding jurisdiction to review questions of law); <u>Ming Ming Wijono v. Gonzales</u>, 439 F.3d 868, 871 (8th Cir. 2006) (recognizing jurisdiction exists to address constitutional claims and questions of law).

Here, Irianto does not dispute his asylum application was untimely. Irianto, however, asserts a due process violation, alleging he was prejudiced by the court-appointed interpreter's inaccurate translations. To prevail on a due process claim, "an alien must prove that he was actually prejudiced by the lack of process afforded to him." <u>Briones-Sanchez v. Heinauer</u>, 319 F.3d 324, 327 (8th Cir. 2003). No prejudice has been shown. Irianto does not indicate: (1) what part of the proceedings he did not understand because of an inaccurate translation (in fact, the record indicates Irianto also had his own interpreter at the hearing); (2) which inaccurate translations were not resolved; and (3) most importantly, what part of the proceedings, if translated correctly, would have produced a different outcome. <u>See</u> <u>Al Khouri v. Ashcroft</u>, 362 F.3d 461, 466 (8th Cir. 2004) (holding prejudice occurs if the outcome of the proceedings may well have been different had a due process violation not occurred). Thus, Irianto's due process claim fails.

Likewise, Irianto's claims for withholding of removal and for protection under the CAT fail. "To be eligible for withholding of removal, 8 U.S.C. § 1231(b)(3), the standard is more demanding [than the standard for asylum]." <u>Krasnopivtsev v.</u>

Ashcroft, 382 F.3d 832, 840 (8th Cir. 2004). "The alien must show a 'clear probability' that he or she will face persecution in the country to which he or she will be deported." Id. (citation omitted). Here, the record does not support a clear probability Irianto will face persecution if he returns to Indonesia, and Irianto fails to present evidence of past persecution. The 1997 incident regarding his truck does not amount to persecution. At best, this isolated incident reflects Irianto angered a few local members of the Golkar party about ten years ago. Besides the truck incident, Irianto does not allege any other attacks by the Golkar party. Furthermore, nothing in the record indicates Irianto could not relocate to other parts of Indonesia or that the Golkar party as a whole is targeting him. In fact, Irianto has been able to obtain a passport and other official documents from the government without incident. Moreover, Irianto's wife and children currently live in Indonesia, and there is no evidence they have suffered any harm. Id. at 839 ("The reasonableness of a fear of persecution is diminished when family members remain in the native country unharmed."). Nothing in the record establishes either past persecution or a clear probability of persecution if Irianto returns to Indonesia.

"To qualify for relief under [the CAT], the applicant must prove that it is more likely than not that he would be tortured if returned to the proposed country of removal, considering the testimony of the applicant as to past torture, the possibility of relocation within the country, mass violations of human rights, or other relevant information regarding conditions within the country." Id. at 840 (citing 8 C.F.R. § 208.16(c)). "Torture is defined as an act by which severe pain or suffering, whether physical or mental, is intentionally inflicted, and it is an extreme form of cruel and inhuman treatment; it does not include lesser forms of cruel, inhuman, or degrading treatment." Id. (citing 8 C.F.R. § 208.18(a)(1), (2)). We agree with the BIA and the IJ that Irianto failed to show he would more likely than not be subjected to torture if returned to Indonesia. Thus, Irianto's claim under the CAT fails.

For these reasons, we deny Irianto's petition.

_____

-4-