# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3080

_____

| | | |
|---|---|---|
| Mellen Kwamboka Maranga | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an Order of the |
| v. | * | Board of Immigration Appeals. |
| | * | |
| Peter Keisler, Acting Attorney General | * | [UNPUBLISHED] |
| of the United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: September 28, 2007
Filed: October 12, 2007

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mellen Kwamboka Maranga, a native and citizen of Kenya, overstayed her visitor visa to the United States, and immigration authorities commenced removal proceedings against her. Maranga subsequently applied for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. The immigration judge ("the IJ") denied all four applications and held that Maranga's asylum application was frivolous. The Board of Immigration Appeals adopted and affirmed the IJ's decision. Maranga now petitions this court for review of that decision. We deny the petition.

The IJ denied asylum relief to Maranga because she failed to file her asylum application within one year of her arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review this finding of untimeliness. See 8 U.S.C. § 1158(a)(3); Yakovenko v. Gonzales, 477 F.3d 631, 635 (8th Cir. 2007).

The IJ denied withholding of removal, and Maranga failed to address this issue in her brief. We are unable to review her withholding claim because she abandoned the issue. See Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.") (internal quotation omitted).

The IJ denied protection under CAT to Maranga and held that Maranga's asylum application was frivolous. See 8 U.S.C. § 1158(d)(6) (providing that if an applicant "knowingly made a frivolous application" and received notice of the consequences of such an application, the applicant is permanently ineligible for immigration benefits). Maranga failed to appeal these decisions to the Board. We are unable to review the denial of relief under CAT or the finding of frivolousness because she failed to exhaust administrative remedies by not raising these issues before the Board. Frango v. Gonzales, 437 F.3d 726, 728 (8th Cir. 2006).

For these reasons, the petition for review is denied.

_____