# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1714

_____

| | | |
|---|---|---|
| Arthur Ezeakor Osakwe, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| Michael B. Mukasey[1], Attorney | * | |
| General of the United States, | * | |
| | * | |
| Respondent. | | |

_____

Submitted: January 17, 2008
Filed: July 28, 2008

_____

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Appellant, Arthur Ezeakor Osakwe ("Osakwe"), petitions for review of an order of the Board of Immigration Appeals ("BIA") denying Osakwe's motion to remand his case for an adjustment of status on the basis of his second marriage to a United States citizen. We vacate the BIA's order and remand for further proceedings consistent with this opinion.

_____

[1]Attorney General Mukasey is substituted as respondent pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

On appeal, Osakwe argues that the BIA's denial of his motion for adjustment of status: (1) violated his Due Process rights; (2) was barred by the law of the case because the Immigration Judge ("IJ") during removal proceedings determined that the Government failed to establish by clear and convincing evidence that Osakwe's first marriage was fraudulent; and (3) was an abuse of discretion.

We reject Osakwe's due process and law-of-the-case arguments. We have previously held that "failure to receive discretionary adjustment-of-status relief does not constitute the deprivation of a constitutionally-protected liberty interest," and therefore Osakwe cannot state a claim for violation of due process rights. Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008) (quoting Nativi-Gomez v. Ashcroft, 344 F.3d 805, 809 (8th Cir. 2003)). With respect to Osakwe's law-of-the-case argument, Osakwe's failure to raise this issue on appeal before the BIA precludes our review at this stage. See Frango v. Gonzales, 437 F.3d 726, 728 (8th Cir. 2006) (holding that failure to raise, *inter alia*, a law-of-the-case argument constituted a failure to exhaust all administrative remedies under 8 U.S.C. § 1252(d)(1), and regardless, where the administrative proceedings are adversarial and the petitioner was represented by counsel in the proceedings below, the imposition of a court-imposed exhaustion requirement is appropriate); Etchu-Njang v. Gonzales, 403 F.3d 577, 581-583 (8th Cir. 2005) (same).

We nevertheless remand Osakwe's petition to the BIA for further proceedings. The tortured procedural history in this case presents two conflicting determinations from the *same* administrative agency. The record presents one determination from the U.S. Citizenship and Immigration Services ("CIS") denying the I-130 petition filed by Osakwe's first wife on the grounds that Osakwe's first marriage was a sham, contracted for the sole purpose of evading immigration laws. Subsequently, the IJ, during removal proceedings, ruled that the Government failed to establish by "clear, convincing, and unequivocal evidence" that the first marriage was fraudulent. Without resolving or addressing these seemingly conflicting determinations, the BIA

denied Osakwe's motion to remand for an adjustment of status on the basis that he is statutorily ineligible due to the CIS's original determination of marriage fraud.

Given the inconsistent rulings with respect to Osakwe's first marriage, which the BIA failed to resolve, the propriety of its conclusion that Osakwe is statutorily ineligible for adjustment of status due to the CIS's original determination of marriage fraud is called seriously into question. It goes without saying that the CIS's determination of marriage fraud carries great consequences as an alien may be permanently ineligible to obtain an I-130 visa even if he subsequently enters into a bona fide marriage with a U.S. citizen. See 8 U.S.C. § 1154(c) ("[N]o petition shall be approved if . . . the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.").

And so, we cannot rule on the merits of Osakwe's petition for review without obtaining further clarification from the BIA. See Singh v. Gonzales, 495 F.3d 553, 557 (8th Cir. 2007) ("Like any other administrative agency, the BIA must describe its reasoning 'with such clarity to be understandable.'") (quoting SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)). After all, the BIA is charged with the power to "*resolve the questions before it . . . .* [and to provide] *clear* and uniform guidance to the Service, the immigration judges, and the general public on the proper interpretation and administration of the Act and its implementing regulations." 8 C.F.R. § 1003.1(d)(1)(i) (emphasis added). Therefore, the "proper course . . . is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16-17 (2002) (per curiam) (internal quotation and citation omitted)

Accordingly, we affirm in part, but remand to the BIA for additional investigation and clarification regarding the inconsistent marriage fraud determinations. On remand, the BIA should determine whether additional proceedings are required to determine whether Osakwe's first marriage was

fraudulent. Such additional proceedings may be necessary to properly adjudicate the merits of Osakwe's claim for adjustment of status.

SMITH, Circuit Judge, dissenting.

As the majority notes, the procedural history in this case has been complex; however, the record is not contradictory regarding Osakwe's eligibility for adjustment of status. Both the IJ and BIA stated that Osakwe was not eligible for adjustment of status based on the May 24, 2001, finding of the Immigration and Naturalization Service (INS) District Director. Because a remand is unnecessary to clarify whether Osakwe is eligible for adjustment of status, I respectfully dissent.[2]

The Immigration and Nationality Act requires that a person seeking adjustment of status show that he is eligible for a visa, and it also provides that a visa petition will not be approved if an alien has previously been found to have entered into a marriage for the purpose of evading the immigration laws—which is a determination to be made by the Attorney General. 8 U.S.C. § 1255(a)(2) & (3); 8 U.S.C. § 1154(c). These statutes support the BIA's finding that Osakwe is statutorily ineligible for adjustment of status.

On May 24, 2001, the INS District Director denied Osakwe's visa petition based on a finding that Osakwe had fraudulently entered into his first marriage for the purpose of evading immigration law. And on June 25, 2002, the IJ found that Osakwe was not removable on the ground that he sought to procure a visa by marriage fraud because the District Director's denial of Osakwe's visa did not constitute clear, convincing, unequivocal evidence of fraud. When the government seeks to remove an alien, it has the burden to prove "by clear and convincing evidence that, in the case of

---

[2]The majority correctly rejected Osakwe's law-of-the-case argument, as he failed to raise the issue on appeal before the BIA, and his due process argument.

an alien who has been admitted to the United States, the alien is deportable." 8 U.S.C. § 1229a(c)(3)(A). In refusing to terminate or continue proceedings, however, the IJ acknowledged "the INS cannot approve the second visa petition after having concluded that the first visa petition was based on a fraudulent marriage." The IJ also recognized that he could not look behind the INS's denial of Osakwe's first visa petition.

Later the BIA affirmed the grounds on which the IJ found Osakwe removable. The record shows that both the IJ and the BIA who upheld the IJ's decision indicated that Osakwe is not eligible for a visa and therefore is not eligible for an adjustment of status due to the INS finding that he had entered a fraudulent marriage. The authority to adjudicate visa petitions is not the province of the IJ, rather the CIS makes those decisions. 6 U.S.C. § 271(b).

Osakwe's argument that the procedural history presents a conflict requiring remand conflates removability and eligibility for relief from removability. The burden when proving removability is on the government. 8 U.S.C. § 1229a(c)(3)(A). In contrast, the burden for relief from removal falls on the alien applying for the relief. *Id*. at § 1229a(c)(4)(A). Osakwe confuses the different findings of the IJ and the BIA when he states that the IJ and the BIA held previously that ineligibility for adjustment has not been established in this case. Both the IJ and the BIA determined that Osakwe is not eligible for adjustment of status based on the May 24, 2001, finding of the INS District Director. For that reason, I would deny the petition for review and therefore respectfully dissent.

_____