BRIGHT, Circuit Judge.
Appellant, Arthur Ezeakor Osakwe (“Osakwe”), petitions for review of an order of the Board of Immigration Appeals (“BIA”) denying Osakwe’s motion to remand his case for an adjustment of status on the basis of his second marriage to a United States citizen. We vacate the BIA’s order and remand for further proceedings consistent with this opinion.
On appeal, Osakwe argues that the BIA’s denial of his motion for adjustment of status: (1) violated his Due Process rights; (2) was barred by the law of the case because the Immigration Judge (“IJ”) during removal proceedings determined that the Government failed to establish by clear and convincing evidence that Osakwe’s first marriage was fraudulent; and (3) was an abuse of discretion.
We reject Osakwe’s due process and law-of-the-case arguments. We have previously held that “failure to receive discretionary adjustment-of-status relief does not constitute the deprivation of a constitutionally-protected liberty interest,” and therefore Osakwe cannot state a claim for violation of due process rights. Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir.2008) (quoting Nativi-Gomez v. Ashcroft, 344 F.3d 805, 809 (8th Cir.2003)). With respect to Osakwe’s law-of-the-case argument, Osakwe’s failure to raise this issue on appeal before the BIA precludes our review at this stage. See Frango v. Gonzales, 437 F.3d 726, 728 (8th Cir.2006) (holding that failure to raise, inter alia, a law-of-the-case argument constituted a failure to exhaust all administrative remedies under 8 U.S.C. § 1252(d)(1), and regardless, where the administrative proceedings are adversarial and the petitioner was represented by counsel in the proceedings below, the imposition of a court-imposed exhaustion requirement is appropriate); Etchu-Njang v. Gonzales, 403 F.3d 577, 581-583 (8th Cir.2005) (same).
We nevertheless remand Osakwe’s petition to the BIA for further proceedings. The tortured procedural history in this case presents two conflicting determinations from the same administrative agency. The record presents one determination from the U.S. Citizenship and Immigration Services (“CIS”) denying the I-130 petition filed by Osakwe’s first wife on the grounds that Osakwe’s first marriage was a sham, contracted for the sole purpose of evading immigration laws. Subsequently, the IJ, during removal proceedings, ruled that the Government failed to *979 establish by “clear, convincing, and unequivocal evidence” that the first marriage was fraudulent. Without resolving or addressing these seemingly conflicting determinations, the BIA denied Osakwe’s motion to remand for an adjustment of status on the basis that he is statutorily ineligible due to the CIS’s original determination of marriage fraud.
Given the inconsistent rulings with respect to Osakwe’s first marriage, which the BIA failed to resolve, the propriety of its conclusion that Osakwe is statutorily ineligible for adjustment of status due to the CIS’s original determination of marriage fraud is called seriously into question. It goes without saying that the CIS’s determination of marriage fraud carries great consequences as an alien may be permanently ineligible to obtain an 1-130 visa even if he subsequently enters into a bona fide marriage with a U.S. citizen. See 8 U.S.C. § 1154(c) (“[N]o petition shall be approved if ... the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.”).
And so, we cannot rule on the merits of Osakwe’s petition for review without obtaining further clarification from the BIA. See Singh v. Gonzales, 495 F.3d 553, 557 (8th Cir.2007) (“Like any other administrative agency, the BIA must describe its reasoning ‘with such clarity to be understandable.’ ”) (quoting SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)). After all, the BIA is charged with the power to “resolve the questions before it .... [and to provide] clear and uniform guidance to the Service, the immigration judges, and the general public on the proper interpretation and administration of the Act and its implementing regulations.” 8 C.F.R. § 1003.1(d)(1)® (emphasis added). Therefore, the “proper course ... is to remand to the agency for additional investigation or explanation.” INS v. Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (internal quotation and citation omitted)
Accordingly, we affirm in part, but remand to the BIA for additional investigation and clarification regarding the inconsistent marriage fraud determinations. On remand, the BIA should determine whether additional proceedings are required to determine whether Osakwe’s first marriage was fraudulent. Such additional proceedings may be necessary to properly adjudicate the merits of Osakwe’s claim for adjustment of status.