# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3643

_____

| | | |
|---|---|---|
| Salvador Cortez, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: October 18, 2010
Filed:  November 1, 2010

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

After almost twenty years in this country, Salvador Cortez was removed to his native Mexico as an individual who was never admitted or paroled in the United States.  See 8 U.S.C. §§ 1182(a)(6)(A)(i), 1227(a)(1)(A).  The Board of Immigration Appeals (BIA) denied his applications for asylum, withholding of removal, relief under the Convention Against Torture, cancellation of removal, and voluntary departure.  The only aspect of the BIA's decision which is challenged in this appeal is the denial of Cortez's request for voluntary departure at the conclusion of removal proceedings.  After careful review, we deny Cortez's petition.

As a threshold matter, we observe this court generally lacks jurisdiction to review the BIA's decision to deny voluntary departure. See 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) of this section. . . ."). However, "we have jurisdiction over constitutional claims or questions of law relating to a voluntary departure determination." Kirong v. Mukasey, 529 F.3d 800, 805 (8th Cir. 2008) (citing 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D)). We review questions of law and constitutional claims de novo. Freeman v. Holder, 596 F.3d 952, 957 (8th Cir. 2010).

Cortez contends the immigration judge (IJ) violated his due process rights by conditioning the grant of post-conclusion voluntary departure under section 240B(b) of the Immigration and Nationalization Act on Cortez's waiver of his appeal rights. Unlike pre-conclusion voluntary departure under section 240B(a), which requires an alien to give up his right to an appeal to gain eligibility for relief, see 8 U.S.C. § 1229c(a)(1), 8 C.F.R. § 1240.26(b)(1)(i)(D), post-conclusion voluntary departure does not require a similar surrender of appellate rights, see 8 U.S.C. § 1229c(b)(1), 8 C.F.R. § 1240.26(c). See generally Garcia-Mateo v. Keisler, 503 F.3d 698, 699 (8th Cir. 2007) (contrasting two types of voluntary departure). Review of the record confirms the IJ's oral offer, made at the conclusion of the hearing and after other forms of relief had been denied, was demanding exactly that: surrender of Cortez's appeal rights in exchange for a grant of post-conclusion voluntary departure. See App'x to Blue Br. at 102 (IJ's statement that he would "make [Cortez] an offer if he wants to waive appeal and grant voluntary departure, otherwise, I'm not going to grant voluntary departure, because of his misrepresentations").

By contrast to the IJ's verbal decision, however, his written decision, as well as the BIA's affirmance thereof, were both based on a different ground: the lack of good moral character. "When the board writes an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." Niam v. Ashcroft, 354 F.3d 652, 655 (7th Cir. 2004); see also Krasnopivtsev v. Ashcroft, 382

F.3d 832, 837 (8th Cir. 2004) ("Because the BIA essentially adopted the IJ's opinion while adding some of its own reasoning, we review both decisions."). We review the IJ's decision only to the extent it is accepted by the BIA. Chen v. Bd. of Immigration Appeals, 435 F.3d 141, 144 (2d Cir. 2006); Sidabutar v. Gonzales, 503 F.3d 1116, 1123 (10th Cir. 2007) ("Our scope of review directly correlates to the form of the BIA decision). Accordingly, "[w]here the BIA conducts a de novo review, [a]ny error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard." Singh v. Holder, 591 F.3d 1190, 1198 (9th Cir. 2010) (internal citations and quotation marks omitted); see also Adebisi v. INS, 952 F.2d 910, 912 (5th Cir. 1992); Dalou v. INS, No. 89-4076, 914 F.3d 1494, at *3 (6th Cir. Sept. 21, 1990).

In Cortez's case, the BIA affirmed the IJ's denial of voluntary departure on the ground he engaged in "repeated misrepresentations that he was a native and citizen of El Salvador." App'x at 5. Good moral character is a prerequisite to obtaining voluntary departure post-conclusion. 8 U.S.C. § 1229c(b)(1)(B). Because the BIA's decision affirming the IJ's denial of voluntary departure is not infected by any constitutional problems, and because we are otherwise without jurisdiction to review a decision to deny voluntary departure, 8 U.S.C. § 1229c(f), we deny the petition for review.

_____