# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2021

_____

| | | |
|---|---|---|
| Mohamud Mohamed Hassan, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the |
| | * | Board of Immigration Appeals. |
| | * | |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: December 28, 2011
Filed: January 4, 2012

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mohamud Mohamed Hassan petitions for review of an order of the Board of Immigration Appeals (BIA), affirming an immigration judge's denial of withholding of removal.[1] Upon review, we conclude that the BIA did not abuse its discretion in determining that Hassan was ineligible for withholding of removal because he had been convicted of a particularly serious crime and was a danger to the community.

_____

[1]Hassan also requested asylum and deferral of removal under the Convention Against Torture, but he no longer pursues those requests.

See 8 U.S.C. § 1231(b)(3)(B)(ii) (alien is not eligible for withholding of removal if Attorney General decides that alien, having been convicted by final judgment of particularly serious crime, is danger to community); Doe v. Holder, 651 F.3d 824, 829 (8th Cir. 2011) (alien convicted of particularly serious crime is ineligible for withholding of removal); see also Delgado v. Holder, 648 F.3d 1095, 1100 (9th Cir. 2011) (en banc) (concluding that 8 U.S.C. § 1252(a)(2)(B)(ii) did not bar review of BIA's determination that alien had been convicted of particularly serious crime (citing Kucana v. Holder, 130 S. Ct. 827, 836-37 (2010))); Dennis v. Att'y Gen. of U.S., 633 F.3d 201, 217 (3d Cir. 2011) (BIA properly exercised its discretion in applying legal standard to facts "in finding [alien's] crime particularly serious"); Tian v. Holder, 576 F.3d 890, 896-97 (8th Cir. 2009) (setting forth factors to be considered in determining whether crime was particularly serious).

We also conclude that it was proper for the BIA--in recognition of the finality of Hassan's prior conviction--to reject his request for a remand under Padilla v. Kentucky, 30 S. Ct. 1473 (2010). Cf. Paredes v. Att'y Gen. of U.S., 528 F.3d 196, 198-99 (3d Cir. 2008) (unless and until conviction is overturned, pendency of collateral attack does not vitiate finality for immigration purposes); Gouveia v. INS, 980 F.2d 814, 817 (1st Cir. 1992) ("Criminal convictions cannot be collaterally attacked during immigration proceedings.").

Accordingly, we deny the petition. See 8th Cir. R. 47B.

_____