# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1207

_____

Edin Enrique Ramirez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 17, 2012
Filed: September 28, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Edin Enrique Ramirez petitions for review of the decision of the Bureau of Immigration Appeals (BIA), dismissing his appeal from the decision of the Immigration Judge (IJ) in which the IJ had denied his applications for asylum and for withholding of removal. We hold this court has jurisdiction to hear Ramirez's due process claim and deny the petition for review.

Prior to entering the United States, Ramirez lived in his home village of El Cedro, Guatemala. While he was living there, his brother was slain under unknown circumstances behind the family home in 1992. In 1994, an entire family in the village was also murdered under unknown circumstances, spurring Ramirez to leave the village and ultimately enter the United States without inspection in 1996. In 2009, Ramirez's mother, who had remained in El Cedro, began receiving death threats, which later ceased after she sold the family property and moved to another village.

After being placed in removal proceedings, Ramirez filed applications for asylum and withholding of removal on May 18, 2010. At a series of hearings before an IJ at which Ramirez appeared pro se, he testified in support of those applications. The IJ questioned Ramirez about the claims in his applications, including the murders in El Cedro, the threats received by his mother, and his fears of returning to Guatemala. Although Ramirez was able to testify to the existence of the murders and threats, he told the IJ that he did not possess any other information regarding those incidents. Ramirez also testified he feared returning to Guatemala because the local gangs believe those who come from the United States have money and because he had once been fired from a job in El Cedro for attending a meeting to organize a union. After the hearings, the IJ concluded Ramirez had failed to timely file his application for asylum within one year of entering the United States, as required pursuant to 8 U.S.C. § 1158(a)(2)(B), and had been unable to prove his timely filing had been excused by either exception to the timeliness requirement. See id. § 1158(a)(2)(D)(allowing the filing of an application for asylum after the expiration of the one year period by an alien who demonstrates the existence of either changed circumstances which materially affect the alien's eligibility for asylum or extraordinary circumstances relating to the delay in filing the application). The IJ also concluded Ramirez had failed to establish his eligibility for withholding of removal because he had failed to prove a clear probability his life or freedom would

be threatened on the basis of race, religion, nationality, membership in a particular social group, or political opinion, if he were removed to Guatemala.

Ramirez subsequently appealed the decision of the IJ to the BIA. The BIA noted the absence of an express analysis in the IJ's order of whether the threats Ramirez's mother had received in 2009 constituted a change of circumstances and set forth its own analysis whether Ramirez had satisfied that exception to the timeliness requirement. The BIA concluded Ramirez had failed to explain in his testimony why the threats had materially affected his eligibility for asylum. The BIA then agreed with the other findings and conclusions of the IJ and dismissed Ramirez's appeal.

Ramirez then filed this petition for review, claiming the IJ had violated his right to due process in the removal proceedings by failing to adequately question him about the factual bases for his applications for relief.

As a threshold matter, the Government argues this court lacks jurisdiction to hear Ramirez's due process claim because 8 U.S.C. § 1158(a)(3) precludes appellate review of a determination of the BIA that an asylum application is untimely. However, Ramirez does not seek review of the BIA's conclusion that his application for asylum was untimely, but rather of the adequacy with which the IJ established the record upon which the conclusion was based. Case law is clear that a claim alleging an IJ failed to adequately establish a record is a constitutional issue. See Al Khouri v. Ashcroft, 362 F.3d 461, 464 (8th Cir. 2004) (analyzing a claim an IJ had circumscribed the evidence available to be submitted into the record as an alleged violation of due process). In pertinent part, 8 U.S.C. § 1252(a)(2)(D) exempts constitutional claims from the prohibition of appellate review of other determinations of the BIA. Accordingly, this court has jurisdiction to hear Ramirez's due process claim.

This court reviews claims of constitutional violations in removal proceedings de novo. Doe v. Holder, 651 F.3d 824, 828 (8th Cir. 2011) (citing Freeman v. Holder, 596 F.3d 952, 957 (8th Cir. 2010)). An alien seeking review of an alleged due process violation must demonstrate the existence of a fundamental procedural error, and prejudice resulting from said error. Id. at 831 (citing Camishi v. Holder, 616 F.3d 883, 886 (8th Cir. 2010)). When an alien appears pro se in a removal proceeding, an IJ has an affirmative duty to adequately develop the record by questioning the alien to investigate and reveal all of the facts relevant to the alien's claims for relief. Al Khouri, 362 F.3d at 464. An alien is prejudiced if an alternate outcome "may well have resulted" without the violation. Puc-Ruiz v. Holder, 629 F.3d 771, 782 (8th Cir. 2010) (quoting Al Khouri, 362 F.3d at 466)).

Ramirez first argues the IJ fundamentally erred by failing to adequately question him about the threats received by his mother in 2009. Without said error, he avers, he may well have testified to facts supporting a conclusion that a change in circumstances had excused his failure to timely file his application for asylum. Ramirez also argues the IJ fundamentally erred by failing to adequately question him regarding the facts relevant to his application for withholding of removal. Had the IJ continued questioning him, he avers, he may well have testified to facts to support a conclusion that his fears of returning to Guatemala are linked to a clear probability that his life or freedom would be threatened there on account of race, religion, nationality, membership in a particular social group, or political opinion.

Assuming, *arguendo*, the IJ had failed to question Ramirez adequately about the factual bases for his claims for relief, we conclude Ramirez's claims must fail because he is unable to prove any prejudice resulted from the allegedly insufficient questioning. Ramirez offers only unsupported conclusory statements that, had the IJ questioned him further, he may well have testified to some additional unspecified facts which would entitle him to relief. Those unsupported conclusory statements are insufficient in this case to establish any prejudice, particularly in light of Ramirez's

testimony indicating he did not know any more about the threats to his mother or the murders in El Cedro.  Therefore, we conclude the IJ did not violate Ramirez's right to due process by deciding to not question him further about the factual bases for his application for asylum or his application for withholding of removal.

Based on the foregoing conclusions, we deny the petition for review.

_____