**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GERARDO ZAVALA-RAMIREZ,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

------------------------------

RETIRED IMMIGRATION JUDGES;
FORMER MEMBERS OF THE BOARD
OF IMMIGRATION APPEALS;
HONORABLE STEVEN ABRAMS;
HONORABLE ESMERALDA
CABRERA; HONORABLE TEOFILO
CHAPA; HONORABLE JEFFREY S.
CHASE; HONORABLE GEORGE T.
CHEW; HONORABLE MATTHEW J.
D'ANGELO; HONORABLE BRUCE J.
EINHORN; HONORABLE CECELIA
ESPENOZA; HONORABLE NOEL
FERRIS; HONORABLE JOHN F.
GOSSART, JR.; HONORABLE MIRIAM
HAYWARD; HONORABLE REBECCA
JAMIL; HONORABLE WILLIAM P.
JOYCE; HONORABLE CAROL KING;
HONORABLE ELIZABETH A. LAMB;
HONORABLE MARGARET
MCMANUS; HONORABLE CHARLES
PAZAR; HONORABLE LAURA
RAMIREZ; HONORABLE JOHN W.
RICHARDSON; HONORABLE LORY D.
ROSENBERG; HONORABLE SUSAN
ROY; HONORABLE ANDREA H.

No. 18-9559
(Petition for Review)

SLOAN; HONORABLE PAUL W.
SCHMIDT; HONORABLE WILLIAM
VAN WYKE; HONORABLE GUSTAVO
D. VILLAGELIU; HONORABLE POLLY
A. WEBBER,

     Amici Curiae.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Gerardo Zavala-Ramirez, a native and citizen of Mexico, seeks review of a

decision by the Board of Immigration Appeals (BIA) denying his application for

cancellation of removal because he did not meet the continuous-presence requirement

under 8 U.S.C. § 1229b(b)(1)(A). Exercising jurisdiction under 8 U.S.C. § 1252(a),[1] we

deny his petition because the BIA's decision was supported by substantial evidence.

## Background

Zavala-Ramirez entered the United States without documentation in 1999. In late

2002, he traveled to Mexico to visit his ill father and returned to the United States

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Although § 1252(a)(2)(B) denies any court jurisdiction to review cancellation-of-removal judgments, we narrowly interpret this statute "as referring to the discretionary aspects of a decision." *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1243, 1246–47 (10th Cir. 2012). And the continuous-presence requirement is not a discretionary aspect of a cancellation decision. *See Gutierrez-Orozco v. Lynch*, 810 F.3d 1243, 1245–46 (10th Cir. 2016) (exercising jurisdiction over continuous-presence issue when reviewing BIA order).

2

sometime in 2003. The exact departure and reentry dates of this trip are at issue on appeal.

In 2012, the Department of Homeland Security charged Zavala-Ramirez with being "in the Unites States without being admitted" and ordered him to appear before an Immigration Judge (IJ). R. 36. He conceded removability and sought cancellation of removal or voluntary departure. To be eligible for cancellation of removal, a nonpermanent resident must establish, among other things, that he or she "has been physically present in the United States for a continuous period of not less than [ten] years immediately preceding the date of such application." § 1229b(b)(1)(A). Absences of longer than 90 days will break an otherwise continuous presence. § 1229b(d)(2).

At the hearing before the IJ, Zavala-Ramirez introduced documentary evidence, and he and his uncle testified. Although the IJ found their testimony credible, it determined that Zavala-Ramirez could not establish that he was out of the United States for no more than 90 days beginning in late 2002. Thus, the IJ concluded that Zavala-Ramirez failed to establish the required continuous presence, and it denied his application for cancellation of removal.

Zavala-Ramirez appealed to the BIA, arguing the IJ applied the wrong evidentiary standard when determining that he did not meet the continuous-presence requirement. A single member of the BIA upheld the IJ's decision, restating and agreeing with the IJ's

reasoning and finding that the IJ used the correct evidentiary standard. Zavala-Ramirez then petitioned for review in this court.

**Analysis**

In his briefs, Zavala-Ramirez argues both that (1) the BIA erred in determining he did not meet the continuous-presence requirement and (2) neither the IJ nor the BIA had subject-matter jurisdiction because Zavala-Ramirez received a defective notice to appear. But at oral argument, counsel for Zavala-Ramirez expressly waived the jurisdictional argument. Thus, we will not consider that argument on appeal. *See Lynch v. Bd. of Cty. Comm'rs*, No. 18-7020, 2019 WL 4233382, at \*11 n.15 (10th Cir. Sept. 6, 2019) (unpublished) (declining to consider issue that counsel "expressly waive[d]" at oral argument).

Also at oral argument, counsel for Zavala-Ramirez asserted that because Zavala-Ramirez's notice to appear was defective, it did not trigger the stop-time rule and Zavala-Ramirez therefore met the continuous-presence requirement. And counsel further insisted that this stop-time argument appears in Zavala-Ramirez's opening brief.

We do not disagree that Zavala-Ramirez's opening brief mentions the stop-time rule. But it does so only in the context of his now-abandoned jurisdictional argument. Thus, to the extent that Zavala-Ramirez's counsel attempted to enlist this stop-time theory in support of the new assertion that the defective notice to appear did not stop the continuous-presence clock, we decline to consider this late-blooming argument. *See City of Colo. Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009) ("[A]rguments not raised in the opening brief are waived."); *Fed. Ins. Co. v. Tri-State Ins. Co.*, 157 F.3d

4

800, 805 (10th Cir. 1998) ("Issues raised for the first time at oral argument are considered waived."); *cf. United States v. Nelson*, 868 F.3d 885, 891 n.4 (10th Cir. 2017) (noting that forfeiture rule applies not only when appellant raises wholly "new" argument on appeal, but also "when 'a litigant changes to a new *theory* on appeal,'" even if new theory "falls under the same general category as an argument" appellant raised below (emphasis added) (quoting *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 722 (10th Cir. 1993))). As such, we address only the continuous-presence issue in this appeal.

When, as here, a single-member BIA panel affirms an IJ's decision, we "review[] both the decision of the BIA and any parts of the IJ's decision relied on by the BIA in reaching its conclusion." *Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009). Such a review of the IJ's decision "is especially appropriate" in this instance, "where the BIA incorporates by reference the IJ's rationale [and] repeats a condensed version of its reasons while also relying on the IJ's more complete discussion." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

We review the BIA's findings of fact under the substantial-evidence standard. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). Under that standard, "our duty is to guarantee that factual determinations are supported by reasonable, substantial[,] and probative evidence considering the record as a whole." *Elzour*, 378 F.3d at 1150. More specifically, "[t]o obtain reversal of factual findings, a petitioner must show the evidence he presented 'was so compelling that no reasonable factfinder could find as the BIA did.'" *Gutierrez-Orozco*, 810 F.3d at 1245 (quoting *Rivera-Jimenez v. I.N.S.*, 214 F.3d 1213, 1216 (10th Cir. 2000)). To meet this demanding standard here, Zavala-Ramirez

5

must show that no reasonable factfinder could determine—as the BIA did—that he failed to demonstrate he was out of the country for no more than 90 days when he visited his father in Mexico from late 2002 to early 2003. *See* § 1229b(b)(1)(A) (describing continuous presence requirement); 8 U.S.C. § 1229a(c)(4)(A) (placing burden of proof on applicant seeking protection from removal).

In attempting to establish his continuous presence below, Zavala-Ramirez submitted various pieces of evidence. Both he and his uncle testified at the hearing, and Zavala-Ramirez also provided documentary evidence, including a criminal-history log and an employer letter. The IJ found Zavala-Ramirez and his uncle to be credible, but neither the IJ nor the BIA found the testimony and remaining record sufficiently persuasive as to the departure and reentry dates. *See* § 1229a(c)(4)(B) (noting that to determine whether applicant has met burden, "the immigration judge shall weigh the credible testimony along with other evidence of record"); *Gutierrez-Orozco*, 810 F.3d at 1246 ("[E]ven credible testimony may not be 'persuasive or sufficient in light of the record as a whole.'" (quoting *Doe v. Holder*, 651 F.3d 824, 830 (8th Cir. 2011))).

In challenging this finding, Zavala-Ramirez first argues that the IJ erred in finding the hearing testimony—in which he and his uncle testified about his departure and return dates—unpersuasive. Zavala-Ramirez and his uncle did both generally testify that Zavala-Ramirez departed for Mexico in December 2002 and returned sometime before the summer of 2003. But in evaluating such hearing testimony, an IJ must determine whether it "is credible, is persuasive, and *refers to specific facts* sufficient to demonstrate that the applicant has satisfied the applicant's burden of proof." § 1229a(c)(4)(B)

6

(emphasis added). And here, the IJ did not err in determining that neither Zavala-Ramirez nor his uncle offered testimony that met this standard.

For one thing, neither Zavala-Ramirez nor his uncle was able to provide the exact date of Zavala-Ramirez's departure. And although specific dates aren't always necessary to satisfy the continuous-presence requirement, neither Zavala-Ramirez nor his uncle were able to offer any "specific facts" that might explain how they recalled even the more general departure date they *did* provide—by, for example, tethering Zavala-Ramirez's departure to some memorable event or occurrence. *Id.* For another, some of Zavala-Ramirez's testimony was inconsistent with his uncle's. Zavala-Ramirez said that he was gone for about two months; his uncle said he was gone for one. And although Zavala-Ramirez's uncle testified that he saw Zavala-Ramirez right after Zavala-Ramirez returned to Utah in 2003 and said this reunion occurred in "spring," a spring return does not align with Zavala-Ramirez's testimony that he returned in February. R. 105. Indeed, a spring return is inconsistent with Zavala-Ramirez's uncle's own recollection that Zavala-Ramirez returned in January. Thus, given the lack of specificity and consistency, the BIA did not err in concluding that this testimony, though credible, was not sufficiently persuasive to establish the length of Zavala-Ramirez's absence from the country.

Zavala-Ramirez next argues that his criminal-history log provides definite evidence of his timely return. The IJ determined that the criminal-history log conclusively demonstrated Zavala-Ramirez appeared in court in the United States on September 17, 2002, and again on April 21, 2003, but that the log did not provide any evidence of his whereabouts in December 2002 or February 2003. In arguing otherwise,

7

Zavala-Ramirez points to an entry stating, "02-06-03 Note: DEF W WALK-IN ON 02/11/03 @ 2:00PM." R. 412. He argues that this entry is incontrovertible evidence that he walked into a government office on February 6, 2003, to set an appointment for February 11, 2003, and therefore was present in the United States on February 6, 2003.

This entry is ambiguous at best. It is unclear if anyone actually walked in on February 6, 2003, or if a walk-in was merely scheduled (for instance, over the phone). And notably, there is no corresponding entry on February 11, 2003. Further, there are numerous entries in February and March indicating that Zavala-Ramirez failed to show proof of counseling and was late making payments to the court. These latter entries suggest he was not complying with court orders, which is at least as consistent with Zavala-Ramirez being out of the country as it is with him being in the country.

Because the February 6, 2003 entry is ambiguous, it does not compel Zavala-Ramirez's conclusion that he was in the United States on that date. *See Lysak v. Lynch*, 631 F. App'x 579, 582–83 (10th Cir. 2015) (unpublished) (finding that "ambiguous" statement in letter from asylum applicant's parents did "not compel" conclusion contrary to BIA's). Moreover, the log indicates that he appeared for a hearing on April 21, 2003, which aligns with his uncle's testimony of a spring return—lending further support to the BIA's factual finding. *See Gutierrez-Orozco*, 810 F.3d at 1246 (concluding that there was substantial evidence for BIA's factual finding when most evidence "line[d] up neatly" with that finding). Thus, the criminal-history log is not as conclusive as Zavala-Ramirez would have it, and its inclusion in the record does not compel a finding contrary to the BIA's. *See Rivera-Jimenez*, 214 F.3d at 1216.

8

Zavala-Ramirez also asserts that his employer's letter demonstrates that he was not absent from the country for more than 90 days. A letter from Renee Kidd, Office Manager of ProGreen Lawn and Landscape, states that Zavala-Ramirez began working there in January 2000 and was absent from work only from December 5, 2002, to February 2003. The IJ concluded that this letter was unpersuasive. First, the IJ noted that although Kidd purported to recall a specific departure date, she did not provide any documents, such as payroll records, that might corroborate her recollection. Second, the IJ pointed out that Kidd did not testify. She therefore was not subject to cross-examination; during which she could have explained how she remembered a specific date from nearly 15 years ago without any documents to rely upon. *Cf. Ismaiel v. Mukasey*, 516 F.3d 1198, 1205 (10th Cir. 2008) ("Cross-examination often seeks to undermine the witness's credibility by probing into inconsistencies and improbabilities . . . ."). Under these circumstances, the letter's lack of persuasive value renders it incapable of tipping the scales in Zavala-Ramirez's favor—the record as a whole does not compel the conclusion that he was absent for no more than 90 days. *See Gutierrez-Orozco*, 810 F.3d at 1245.

Finally, Zavala-Ramirez contends that the IJ applied the wrong evidentiary standard in determining that he was out of the country for more than 90 days. Specifically, he alleges that the IJ required him to present clear and convincing evidence of his continuous presence or even to prove it beyond a reasonable doubt, rather than merely by a preponderance of the evidence. *See Lucio-Rayos v. Sessions*, 875 F.3d 573, 583 (10th Cir. 2017) ("[I]t is the noncitizen's burden to establish, by a preponderance of

9

the evidence, that he is eligible to seek cancellation of removal."). But during the hearing, the IJ explicitly asked counsel to identify the correct evidentiary standard and ultimately concluded the preponderance-of-the-evidence standard applied. Moreover, as the BIA noted, nothing in the IJ's reasoning suggests he used anything but this standard. We therefore reject Zavala-Ramirez's argument that the IJ applied an incorrect evidentiary standard.

## Conclusion

Given the lack of specificity and consistency in the testimony Zavala-Ramirez presented at the hearing, the inconclusiveness of the criminal-history log, and the uncorroborated nature of the employer's letter, we hold that the BIA's conclusion—that Zavala-Ramirez failed to establish his continuous presence in the United States by a preponderance of the evidence—was supported by substantial evidence. Because the record does not compel a "reasonable factfinder" to conclude that Zavala-Ramirez met the continuous-presence requirement, we deny Zavala-Ramirez's petition for review. *Rivera-Jimenez*, 214 F.3d at 1216 (quoting *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 484 (1992)).

Entered for the Court

Nancy L. Moritz
Circuit Judge
