# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2331

_____

Shuli Marambo

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 12, 2019
Filed: July 26, 2019

_____

Before SHEPHERD, ARNOLD, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Shuli Marambo, a native and citizen of the Democratic Republic of Congo (DRC), petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of an immigration judge (IJ) concluding that Marambo was removable; denying his applications for adjustment of status, asylum, withholding of removal, and relief under the Convention Against Torture (CAT); and ordering

removal to the DRC. Having jurisdiction under 8 U.S.C. § 1252, we deny the petition.

After fleeing the DRC due to an ongoing war, Marambo was admitted to the United States in 2007 as a refugee, settling with family in Minnesota. In 2013, Marambo pled guilty to two counts of second-degree burglary, in violation of Minn. Stat. § 609.582. In 2014, while he was still serving probation related to his burglary convictions, he was arrested and charged with one count of being a prohibited person in possession of a firearm, in violation of Minn. Stat. § 624.713. He was subsequently found guilty, his probation for the burglary offenses was revoked, and he was sentenced to a total term of imprisonment of 60 months.

Based on Marambo's convictions, the Department of Homeland Security charged Marambo with being removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien "convicted of two or more crimes involving moral turpitude"; 8 U.S.C. § 1227(a)(2)(A)(iii), as "an alien convicted of an aggravated felony"; and 8 U.S.C. § 1227(a)(2)(C), as an alien convicted of an offense for unlawfully possessing a firearm. Marambo conceded removability based on two convictions for crimes involving moral turpitude, but challenged the other two bases for removal. Marambo also filed an application for adjustment of status, asylum, withholding of removal, and relief under CAT.

After a hearing during which the IJ heard testimony from Marambo, his cousin, and his uncle, the IJ determined that Marambo was removable and denied his various requests for relief. The IJ first noted that Marambo had conceded removability based on his convictions for crimes involving moral turpitude before concluding that, while Marambo was not removable pursuant to § 1227(a)(2)(C) for unlawful possession of a firearm, he was additionally removable pursuant to § 1227(a)(2)(A)(iii) because his burglary convictions qualified as aggravated felonies. The IJ then determined that Marambo was not eligible for withholding of removal because his conviction for

unlawful possession of a firearm was a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii) and was thus a disqualifying offense. The IJ also denied Marambo's request for relief under CAT, concluding that, despite the credibility of Marambo and his family members, Marambo failed to show that he would more likely than not be tortured if he returned to the DRC. The IJ ordered Marambo removed from the United States to the DRC. Marambo appealed to the BIA. The BIA reversed the IJ's determination with respect to removability under § 1227(a)(2)(A)(iii) (aggravated felony), but because Marambo had conceded removability as an alien with two or more convictions for crimes involving moral turpitude, it found Marambo removable, regardless of its determinations as to the other bases for removal. The BIA affirmed the IJ's determination that Marambo was not entitled to withholding of removal, agreeing that Marambo's conviction for possession of a firearm was a particularly serious crime, rendering him ineligible for withholding of removal and that Marambo failed to show that he would more likely than not be tortured in the DRC if he returned, rendering him ineligible for relief under CAT.

Marambo now petitions this Court for review, asserting that the IJ and BIA erred in concluding that his conviction for unlawful possession of a firearm was a particularly serious crime, and in concluding that he was ineligible for CAT relief because the BIA applied an improper legal standard and, under either standard, he had shown entitlement to relief. Where, as here, the petitioner "is removable as a 'criminal alien,' our jurisdiction is limited to constitutional claims and questions of law." Constanza v. Holder, 647 F.3d 749, 753 (8th Cir. 2011) (per curiam) (internal quotation marks omitted). "We review questions of law de novo but accord substantial deference to the BIA's interpretation of immigration statutes and regulations." Puc-Ruiz v. Holder, 629 F.3d 771, 777 (8th Cir. 2010).

With respect to the determination that his firearm offense was a particularly serious crime, Marambo challenges, for the first time before this Court, the BIA's

-3-

prior interpretations of the particularly serious crime bar, 8 U.S.C. § 1231(b)(3)(B)(ii), asserting that the BIA's prior decisions, specifically, In re N-A-M-, 24 I. & N. Dec. 336 (BIA 2007), are contrary to law and are not entitled to deference. However, Marambo's failure to raise this issue before the BIA means he has not exhausted his administrative remedies, and we are unable to review his claim for the first time on a petition for review. Although our prior decisions have been inconsistent as to whether a failure to exhaust is a jurisdictional defect or falls within the doctrine of administrative exhaustion, Zine v. Mukasey, 517 F.3d 535, 539-40 (8th Cir. 2008) (collecting cases), "[r]egardless of whether § 1252(d)(1) precludes us from addressing unexhausted issues, a court-imposed exhaustion requirement is appropriate" where the proceedings before the IJ and the BIA were adversarial in nature and the petitioner was represented by counsel. Frango v. Gonzales, 437 F.3d 726, 728 (8th Cir. 2006). As Marambo does not dispute that he was represented or that the proceedings were adversarial, we apply the court-imposed doctrine of administrative exhaustion. Marambo argues that raising the issue before the BIA would have been futile because the BIA has adhered to the same framework for over 10 years, but we are cognizant that the BIA "can reexamine, and if it wants, overrule, a precedent," Marguilis v. Holder, 725 F.3d 785, 788 (7th Cir. 2013), and that our Court has consistently recognized the preference "to allow the agency an opportunity to correct its own mistakes[.]" Agha, 743 F.3d at 616 (alteration in original) (internal quotation marks omitted). Marambo's argument regarding the purported futility of raising the issue to the BIA is unpersuasive.

Marambo also argues that the IJ and BIA impermissibly relied on facts related to Marambo's purported commission of an uncharged crime, attempted burglary, to determine that his possession of a firearm conviction was a particularly serious crime. An alien is not entitled to withholding of removal "if the Attorney General decides that . . . the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States[.]" 8 U.S.C. § 1231(b)(3)(B)(ii). A particularly serious crime includes "an aggravated felony . . . for which the alien has been sentenced to an aggregate term of imprisonment of at

-4-

least 5 years," id. § 1231(b)(3)(B), but classification as a particularly serious crime is not limited to aggravated felonies. In Re N-A-M-, 24 I. & N. Dec. at 338-39. Although there is no more detailed statutory definition of a particularly serious crime, "the BIA has generally examined a variety of factors and found that the consideration of the individual facts and circumstances [of the conviction] is appropriate" to determine whether a conviction is for a particularly serious crime. Tian v. Holder, 576 F.3d 890, 897 (8th Cir. 2009) (internal quotation marks omitted). These factors include "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and most importantly whether the type and circumstances of the crime indicate that the alien will be a danger to the community." Id. (quoting In re Frentescu, 18 I. & N. Dec. 244, 247 (BIA 1982)). After determining that the elements of the offense potentially state a particularly serious crime, "all reliable information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction." In Re N-A-M-, 24 I. & N. Dec. at 342.

Marambo asserts that the IJ erred by considering uncorroborated and unproven conduct in the criminal complaint, which amounted to unreliable information, and compounded the error by extrapolating from the facts in the criminal complaint that Marambo attempted to commit a separate, uncharged crime of burglary before he was found to be unlawfully in possession of a firearm. As to his challenge to the reliability of the criminal complaint, our Court has previously held that an IJ acted within its authority by considering a criminal complaint to determine whether a conviction for aggravated robbery qualified as an offense involving a firearm, making the alien deportable, particularly where the portions of the criminal complaint were integral to the elements of the crime and not surplusage. Vue v. INS, 92 F.3d 696, 700 (8th Cir. 1996). Here, the IJ acted within this same authority by considering the facts and circumstances set forth in the criminal complaint, including law enforcement officers' observation of two males attempting to enter a locked building late at night, which provided the factual context in which Marambo was observed in

possession of a firearm and contributed to the probable cause that he committed the offense. The IJ did not, as Marambo suggests, attempt to determine Marambo's guilt or innocence as to an uncharged offense of attempted burglary. Rather, the IJ relied on the facts and circumstances that were directly related to the unlawful-possession-of-a-firearm charge; the IJ did not rely on Marambo's purported guilt of attempted burglary as the basis to conclude the unlawful possession offense was a particularly serious crime.

Finally, to the extent that Marambo challenges the inferences the IJ or BIA drew from the stipulated facts of his conviction, he challenges only how the IJ or BIA weighed the relevant factors to determine whether Marambo committed a particularly serious crime. "[Marambo]'s allegations . . . amount to nothing more than challenges to factual determinations, which we lack jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D)." Constanza, 647 F.3d at 754; see also Garcia-Aguillon v. Mukasey, 524 F.3d 848, 850 (8th Cir. 2008) ("[Petitioner]'s first argument fails to state a colorable legal claim because it amounts to nothing more than a challenge to the IJ's discretionary and fact-finding exercises cloaked as a question of law."). We thus find no error in the IJ's or BIA's determination that his unlawful-possession-of-a-firearm offense qualified as a particularly serious crime and barred withholding of removal.

With respect to his claims regarding the IJ's and BIA's denials of his request for relief under CAT, Marambo first asserts that the BIA should have applied a de novo standard of review instead of clear error because the facts were established and undisputed and required only application of the correct legal framework. See Njong v. Whitaker, 911 F.3d 919, 923 (8th Cir. 2018) (applying de novo standard of review to question of whether undisputed facts satisfied legal definition). Again, Marambo did not raise this issue before the BIA; instead, Marambo argued that the BIA should apply a clear error standard. Because Marambo did not raise this issue before the BIA, he failed to exhaust his administrative remedies. See Frango, 437 F.3d at 728.

Marambo finally asserts that the denial of relief under CAT was erroneous under either a clear error or de novo standard of review. But despite his efforts to case his arguments as legal in nature, Marambo offers no legal argument; he merely challenges factual findings. "Factual determinations lie outside our scope of review and . . . we lack the jurisdiction to reweigh the evidence before the BIA." Cherichel v. Holder, 591 F.3d 1002, 1017 (8th Cir. 2010). We thus conclude that there was no reviewable error in the denial of Marambo's request for relief pursuant to CAT.

For the foregoing reasons, we deny the petition for review.

_____