# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2743
_____

Abdirahman Ali Moallin

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 22, 2020
Filed: November 23, 2020

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Petitioner Abdirahman Ali Moallin asked the Immigration Judge (the "IJ") and then the Board of Immigration Appeals (the "BIA") to defer his removal to Somalia under the Convention Against Torture (the "CAT"). For the following reasons, we deny Moallin's petition for review of the IJ's and BIA's decisions denying relief.

Moallin is a Somali native who entered the United States as a refugee in 1995 and obtained permanent resident status in 1996. Between 2000 and 2004, Moallin racked up seven criminal convictions. Accordingly, the United States Department of Homeland Security sought Moallin's removal under 8 U.S.C. § 1227(a)(2)(A)(ii) and (iii). In 2004, the IJ ordered Moallin removed to Somalia.

In 2017, the IJ granted Moallin's motion to reopen his proceedings. Moallin then asked the IJ to defer his removal under the CAT, arguing he was likely to suffer torture if returned to Somalia. The IJ denied Moallin's request, and the BIA affirmed the IJ's decision. Moallin asks us to review those decisions.[1]

Where, as here, the BIA issues a separate opinion, rather than summarily affirming the IJ's decision, we review the BIA's decision as the final agency action. *See Alzawed v. Barr*, 970 F.3d 997, 1000 (8th Cir. 2020). To the extent the BIA adopted the IJ's reasoning, as here, we review the IJ's decision too. *See id.* We review legal conclusions *de novo* and factual findings for substantial evidence. *Id.* Substantial evidence review is highly deferential, and we will unsettle factual findings only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Lasu v. Barr*, 970 F.3d 960, 964 (8th Cir. 2020).

The CAT prohibits the Government from removing an alien to a country where he is more likely than not to be tortured. *Doe v. Holder*, 651 F.3d 824, 828 (8th Cir. 2011). "Torture" is defined as certain acts that cause "severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). In considering the likelihood of torture, the IJ and BIA must consider "the aggregate risk of torture from all sources." *Abdi Omar v. Barr*, 962 F.3d 1061, 1065 (8th Cir. 2020).

---

[1]Initially, the Government argued that we lacked jurisdiction to consider Moallin's petition. But, after *Nasrallah v. Barr*, 590 U.S. ---, 140 S. Ct. 1683, 1688 (2020), the Government now concedes we have jurisdiction. *See generally Lasu v. Barr*, 970 F.3d 960, 964 (8th Cir. 2020).

Moallin argues that the IJ and BIA failed to consider his aggregate risk of torture because they considered each of his risk-factor arguments individually. But, in *Abdi Omar*, we explained that "address[ing] risk factors individually . . . is not inconsistent with analyzing risk in the aggregate as long as the [IJ and BIA] ultimately consider[] all factors together." *Id.* That is what happened here. After considering each of Moallin's alleged risk factors, the IJ held that Moallin "ha[d] failed to show individually, or cumulatively," that he would likely experience torture. Similarly, the BIA indicated it would "consider all evidence relevant to the possibility of future torture" and specifically addressed Moallin's aggregation argument, implicitly adopting the IJ's statement that Moallin had failed to show a cumulative likelihood of torture.

In his petition for review, Moallin does not claim that the Somali government will directly torture him.[2] Rather, he argues that the Somali government will acquiesce in his torture by Al-Shabaab, a terrorist organization. Our "inquiry into whether a government acquiesces centers upon the willfulness of a government's non-intervention." *Ramirez-Peyro v. Holder*, 574 F.3d 893, 899 (8th Cir. 2009) (internal quotation marks omitted). "A government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it, but it does cross the line into acquiescence when it shows willful blindness toward the torture of citizens by third parties." *Id.*

The record does not show that the Somali government has willfully turned a blind eye to Al-Shabaab's activities. In fact, it suggests the opposite. The Somali government and its allies have "battled to contain [Al-Shabaab]," retaken territory

---

[2]At most, Moallin claims that he is a Christian and that the Somali government recently closed a Catholic church. This plainly falls short of the "severe pain or suffering" the CAT requires. *See Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 840 (8th Cir. 2004) ("Torture . . . is an extreme form of cruel and inhuman treatment; it does not include lesser forms of cruel, inhuman, or degrading treatment.").

from Al-Shabaab, and worked to maintain order. Even Moallin admits that "the Somali government, at a federal level, institutes policies and rules that place the government in direct opposition to Al-Shabaab" and "has undertaken rudimentary efforts to quell Al-Shabaab."

Moallin counters that the Somali government's amnesty program for certain Al-Shabaab members shows acquiescence. But the record shows that the Somali government is using the amnesty program "[a]s part of its fight against Al Shabaab . . . as a tool to encourage defections." Moallin also argues that Al-Shabaab has managed to infiltrate parts of the Somali government. Yet the record indicates that the Somali government is committed to substantive security-sector reforms and has created a new unit to expel terrorist cells from the nation's capital. Moreover, Moallin does not explain how the amnesty program or general infiltration makes the Somali government likely to acquiesce in *his* torture. *See Lasu*, 970 F.3d at 966 (explaining that someone seeking CAT relief must show he "would be personally at risk"). Finally, Moallin's argument that the Somali government and Al-Shabaab act in concert to torture people is wholly without record support.

Really, Moallin's grievance is that the Somali government has been unable to control Al-Shabaab. But "the fact that the [Somali] government has not successfully ended the threat posed by [Al-Shabaab] violence is insufficient to establish that the torture would be with the consent or acquiescence of a government official." *Rodriguez de Henriquez v. Barr*, 942 F.3d 444, 448 (8th Cir. 2019) (brackets omitted). In sum, substantial evidence supported the IJ's and BIA's findings that the Somali government would not acquiesce in any torture of Moallin by Al-Shabaab.

Moallin also challenges the IJ's and BIA's findings that he was unlikely to be tortured by Al-Shabaab and that he could safely relocate to Mogadishu. But, because Moallin's inability to show acquiescence defeats his claim for relief under the CAT, we need not address these arguments. *See Menjivar v. Gonzales*, 416 F.3d 918, 922-23 (8th Cir. 2005) (denying CAT relief for failure to show acquiescence).

For the foregoing reasons, we deny Moallin's petition.

_____