# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2432

_____

Rubeli Paxtor-Lopez

*Petitioner*

v.

Monty Wilkinson, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 25, 2021
Filed: March 4, 2021
[Unpublished]

_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

---

[1]Monty Wilkinson is serving as Acting Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Guatemalan citizen Rubeli Paxtor-Lopez, petitions for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The immigration judge determined Rubeli-Lopez was removable in part for having been convicted of a crime involving moral turpitude, and denied him asylum, withholding of removal, protection under the Convention Against Torture (CAT), and voluntary departure. The BIA dismissed his appeal.

Upon de novo review, this court concludes that Paxtor-Lopez did not establish eligibility for asylum or withholding of removal because the undisputed facts were insufficient to show he is a member of a particular social group in Guatemala. *See* 8 U.S.C. § 1158(b)(1) (asylum eligibility requirements); *Arellano-Garcia v. Gonzales*, 429 F.3d 1183, 1185 (8th Cir. 2005) (standard of review; where noncitizen is removable by reason of having committed criminal offense covered in 8 U.S.C. § 1182(a)(2), jurisdiction to review final order of removal is generally limited to constitutional claims and questions of law); *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020) (the application of law to undisputed or established facts is a question of law); *Ngugi v. Lynch*, 826 F.3d 1132, 1137-38 (8th Cir. 2016) (whether group constitutes a particular social group for purposes of asylum is a question of law); *Guled v. Mukasey*, 515 F.3d 872, 881-82 (8th Cir. 2008) (alien who does not meet standard for asylum cannot meet more rigorous clear probability standard for withholding of removal). This court also finds no basis to reverse the denial of relief under the CAT. *See Moallin v. Barr*, 980 F.3d 1207, 1209 (8th Cir. 2020) (CAT eligibility requirements); *Ahmed v. Barr*, 973 F.3d 922, 926-27 (8th Cir. 2020) (standard of review).

This court lacks jurisdiction to review his arguments concerning the notice to appear, the qualification of his criminal conviction as a crime involving moral turpitude, the denial of due process, and the denial of voluntary departure relief because Paxtor-Lopez did not exhaust these issues before the agency. *See Baltti v. Sessions*, 878 F.3d 240, 244-45 (8th Cir. 2017) (per curiam) (prior to seeking review

in this court, noncitizen is required to raise all issues before agency and pursue all levels of administrative review).

The petition is denied. *See* 8th Cir. R. 47B.

_____