# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-1944
_____

Agustin Gurrola Rojas

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: January 13, 2021
Filed: May 27, 2021
_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.
_____

KELLY, Circuit Judge.

Under the Immigration and Nationality Act (INA), a noncitizen is inadmissible to the United States if "the Attorney General knows or has reason to believe" that the noncitizen is or has been either "an illicit trafficker in any controlled substance," or "a knowing aider, abettor, assister, conspirator, or colluder with others" in such trafficking. 8 U.S.C. § 1182(a)(2)(C)(i). Mexican citizen Agustin Gurrola Rojas petitions this court for review of an order of the Board of Immigration Appeals (BIA)

finding him inadmissible under § 1182(a)(2)(C).  We dismiss the petition for lack of jurisdiction.  Id. § 1252(a)(2)(C).

**I.**

Rojas has lived in the United States since 1997, when he entered the country without inspection.  On January 17, 2018, he was arrested for drug trafficking in Des Moines, Iowa, along with his nephew, Paulino Delgado, and a friend, Jose Gutierrez Rodriguez.  Rojas was subsequently charged in the Southern District of Iowa with possession of methamphetamine with the intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and with conspiracy to deliver methamphetamine, id. § 846.  These charges were ultimately dismissed in June 2018.  That same month, the Department of Homeland Security initiated removal proceedings against Rojas, charging him with being present in the United States without having been admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i), and with being an illicit trafficker in a controlled substance, or aiding and abetting such trafficking, id. § 1182(a)(2)(C).  Although Rojas conceded removability under § 1182(a)(6)(A)(i), he denied the § 1182(a)(2)(C) charge and applied for cancellation of removal and adjustment of status, id. § 1229b(b), and, alternatively, for voluntary departure, id. § 1229c.

At his merits hearing before the Immigration Judge (IJ), Rojas testified that he was with Delgado and Rodriguez near his home in Anaheim, California, on January 16, 2018—the day before the arrest—when Delgado invited them on a trip to Las Vegas, approximately four hours away.  Rojas and Rodriguez accepted, thinking they would return the next day.  According to Rojas, though, he fell asleep in the car and did not realize until much later that Delgado had driven past Las Vegas.  Rojas testified that at one point he asked Delgado where they were going, and Delgado responded that they were delivering drugs to Iowa.  But Delgado was apparently laughing when he said this, so Rojas did not believe him.  Rojas also testified that he overheard Delgado talking about how they would get $30,000 or $45,000 for the trip,

but Rojas did not fully understand him because he was speaking in English. Rojas said he was afraid to inquire further because, if Delgado was in fact trafficking drugs, Rojas did not want to put himself in danger. But although Delgado stopped about four times for food and gas on the way to Iowa, Rojas did not abandon the group. Eventually, Delgado, Rojas, and Rodriguez arrived at a large warehouse in Des Moines, where an undercover narcotics officer was waiting for them. When Delgado opened the trunk of the car and revealed 10 gallon-sized bags of methamphetamine, law enforcement moved in and arrested all three individuals.

On these facts, the IJ determined that Rojas was inadmissible under § 1182(a)(2)(C) because there was a reason to believe that he had been either an illicit trafficker in methamphetamine, a controlled substance, or a knowing conspirator in such trafficking. The IJ also denied Rojas's applications for cancellation of removal and for voluntary departure and ordered Rojas removed to Mexico. Rojas subsequently appealed the IJ's decision to the BIA.

In April 2019, without addressing his arguments on the § 1182(a)(2)(C) charge, the BIA dismissed Rojas's appeal solely on the basis of his inadmissibility under § 1182(a)(6)(A)(i). Rojas then timely filed this petition for review, see 8 U.S.C. § 1252(b)(1), along with a motion for a stay of removal. The government moved to dismiss Rojas's petition. In July 2019, upon consideration of the parties' motions, we granted Rojas a limited stay of removal and remanded the case to the BIA for the limited purpose of determining whether Rojas is inadmissible under § 1182(a)(2)(C). In September 2019, the BIA once again dismissed Rojas's appeal, finding that the record supported the IJ's determination that there was reason to believe that Rojas was involved in illicit drug trafficking. We now consider the merits of Rojas's petition.

## II.

As a general matter, we lack jurisdiction "to review any final order of removal against [a noncitizen] who is removable by reason of having committed a criminal offense covered" in § 1182(a)(2). Id. § 1252(a)(2)(C). We do, however, have jurisdiction to review "preliminary jurisdictional facts." Gavilan-Cuate v. Yetter, 276 F.3d 418, 420 (8th Cir. 2002); see also Moussa v. I.N.S., 302 F.3d 823, 825 (8th Cir. 2002) ("[W]e necessarily have jurisdiction to determine our jurisdiction."); cf. Alzawed v. Barr, 970 F.3d 997, 1000 (8th Cir. 2020) (explaining that we also retain jurisdiction over constitutional claims and questions of law). In doing so, "we review the BIA's fact-findings for substantial evidence, and . . . its legal determinations, as well as any constitutional challenges, de novo." Zeah v. Holder, 744 F.3d 577, 580 (8th Cir. 2014) (cleaned up); see also Alzawed, 970 F.3d at 1000 (explaining that when, as here, the BIA "issues a separate opinion instead of summarily affirming" the IJ, we review "the BIA's decision as the final agency determination").

To determine whether we have jurisdiction over Rojas's petition for review, we must therefore determine whether he is "removable by reason of having committed a criminal offense covered in [§] 1182(a)(2)," 8 U.S.C. § 1252(a)(2)(C). The answer to that question depends on whether the BIA "ha[d] reason to believe" that Rojas was "an illicit trafficker in a[] controlled substance" or "a knowing aider, abettor, assister, conspirator, or colluder with others" in such illicit trafficking.[1]    Id.

---

[1]Because § 1182(a)(2)(C) requires only a "reason to believe" that the noncitizen was involved in illicit drug trafficking, the noncitizen may be found inadmissible even absent a criminal conviction. See Garces v. U.S. Att'y Gen., 611 F.3d 1337, 1345 (11th Cir. 2010) (first citing In re Favela, 16 I. & N. 753, 754-56 (BIA 1979); then In re Rico, 16 I. & N. Dec. 181, 185-86 (BIA 1977); and then In re R-H-, 7 I. & N. Dec. 675, 678 (BIA 1958)). But save for constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), the INA bars judicial review of removal orders entered against noncitizens for "having *committed* a criminal offense covered in [§] 1182(a)(2)," id. § 1252(a)(2)(C) (emphasis added). This begs the question:

§ 1182(a)(2)(C)(i). As a result, "our jurisdictional inquiry merges with the merits of [Rojas's] challenge," Lopez v. U.S. Att'y Gen., 914 F.3d 1292, 1298 (11th Cir. 2019), wherein he argues that there was insufficient reason to believe that he was involved in drug trafficking. See id. (explaining the need to decide the "underlying factual question" of whether the noncitizen was convicted of simple possession or possession with intent to deliver in order "to determine whether he is removable because of that criminal conviction and, therefore, whether [§ 1252(a)(2)(C)'s] jurisdictional limitations apply"); cf. Brownback v. King, 141 S. Ct. 740, 750 (2021) ("Because a federal court always has jurisdiction to determine its own jurisdiction, a federal court can decide an element of a[] . . . claim on the merits if that element is also jurisdictional." (cleaned up)).

Though the INA does not define the phrase "reason to believe" in the context of § 1182(a)(2)(C), the BIA here interpreted it as a "'probable cause' requirement." Admin. R. at 4; cf. Matter of A-H-, 23 I. & N. Dec. 774, 788-89 (A.G. 2005) (equating "reasonable grounds for regarding" with the "probable cause" standard). We have recently applied the same interpretation to similar language in the Act. See United States v. Puebla-Zamora, No. 20-1153, 2021 WL 1725823, at *3 (8th Cir.

---

does an IJ's finding that there is "reason to believe" a noncitizen was involved in illicit drug trafficking mean that the noncitizen "committed" a criminal offense, thus triggering the application of § 1252(a)(2)(C)? At least two of our sister circuits appear to have answered that question in the affirmative. See Cuevas v. Holder, 737 F.3d 972, 976 (5th Cir. 2013) (dismissing petition for lack of jurisdiction under § 1252(a)(2)(C) because agency had "reason to believe" the petitioner was involved in drug trafficking, even though he had no relevant prior convictions); Alarcon-Serrano v. I.N.S., 220 F.3d 1116, 1120 (9th Cir. 2000) (same). But here, Rojas has not addressed how § 1252(a)(2)(C) interacts with § 1182(a)(2)(C); indeed, his opening brief fails to discuss the question of jurisdiction entirely. Meanwhile, the government concedes that we have jurisdiction to review whether a noncitizen is removable under § 1182(a)(2)(C) but offers little else on the issue. Under these circumstances, we will assume without deciding that § 1252(a)(2)(C) governs our review of Rojas's petition.

May 3, 2021) (interpreting "reason to believe" in 8 U.S.C. § 1357(a)(2) as requiring "probable cause"); Barahona v. Garland, 993 F.3d 1024, 1025 (8th Cir. 2021) ("We hold that the 'serious reasons for believing' standard requires a finding of probable cause before an alien can be subject to the mandatory bar set forth in 8 U.S.C. § 1158(b)(2)(A)(iii), 8 U.S.C. § 1231(b)(3)(B)(iii), and 8 C.F.R. § 1208.16(d)(2)."). Accordingly, we agree with the BIA that § 1182(a)(2)(C)'s "reason to believe" language requires a finding of probable cause.

Applying these principles to the case at hand, there is substantial evidence in the record to support the BIA's conclusion that there was probable cause to believe Rojas was involved in illicit drug trafficking. See Lopez, 914 F.3d at 1298 (applying substantial evidence standard to factual question underlying jurisdictional inquiry); cf. Rodriguez v. Mukasey, 519 F.3d 773, 777-78 (8th Cir. 2008) (concluding that BIA did not err in finding petitioner inadmissible because there was substantial evidence that he had "falsely represented himself as a citizen"). Probable cause requires that there "be a 'fair probability' or a 'substantial chance' that the person . . . has committed an offense." Bell v. Neukirch, 979 F.3d 594, 603 (8th Cir. 2020) (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)). And here, not only did law enforcement find several thousand grams of methamphetamine in the same car as Rojas at the time of his arrest, but Rojas also admitted that (1) his nephew had actually told him they were transporting drugs, and (2) he had overheard his nephew talking about being paid at least $30,000 for the trip. Further, the little evidence Rojas proffered to the contrary is not "so compelling that no reasonable factfinder could fail to find in [his] favor." Garcia-Milian v. Lynch, 825 F.3d 943, 945 (8th Cir. 2016) (quoting Quinonez-Perez v. Holder, 635 F.3d 342, 344 (8th Cir. 2011)). For instance, although Rojas testified that he thought his nephew was "joking" about the drugs, he initially told the arresting officers that the plan was to "immediately . . . return to California after making the delivery and getting the money"—suggesting that he was a knowing conspirator all along. We will not disturb the agency's findings of fact where Rojas failed to meet his burden of demonstrating that the

-6-

evidence compels a different conclusion.  See Njong v. Whitaker, 911 F.3d 919, 924 (8th Cir. 2018).  On this record, the BIA properly determined that there was "reason to believe" that Rojas was involved in illicit drug trafficking and, therefore, that he is inadmissible under § 1182(a)(2)(C).

## III.

Because the record contains substantial evidence that there was a reason to believe Rojas was involved in illicit drug trafficking, Rojas "is removable by reason of having committed a criminal offense covered" in § 1182(a)(2).  8 U.S.C. § 1252(a)(2)(C).  Discerning no remaining questions of law or constitutional challenges over which we may retain jurisdiction, id. § 1252(a)(2)(D), we dismiss Rojas's petition.[2]

_____

[2]The government's motion to dismiss on different grounds is denied as moot.