# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2501
_____

Hassam Essam Ahmed

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 3, 2022
Filed: May 11, 2022
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Egyptian citizen Hassam Ahmed petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of an immigration judge

denying his application for relief from removal under the Convention Against Torture (CAT).[1]

Upon careful consideration, we conclude that Ahmed's administrative appeal to the BIA was insufficient to exhaust any challenge to the agency's jurisdiction over his removal proceedings. See Ateka v. Ashcroft, 384 F.3d 954, 957 (8th Cir. 2004) (if petitioner fails to raise a particular issue when he appeals to BIA and has not presented BIA with need or opportunity to address that issue, petitioner has not exhausted administrative remedies). In any event, such a challenge is foreclosed by this court's precedent. See Ali v. Barr, 924 F.3d 983, 985-86 (8th Cir. 2019); see also Tino v. Garland, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam). We also conclude that substantial evidence supports the denial of CAT relief, as Ahmed did not establish it is more likely than not that he would be tortured if removed to Egypt. See Ahmed v. Barr, 973 F.3d 922, 927 (8th Cir. 2020) (standard of review); Lasu v. Barr, 970 F.3d 960, 966 (8th Cir. 2020) (existence of consistent pattern of gross, flagrant, or mass violations of human rights is not itself sufficient grounds for determining that particular person will be in danger of being subjected to torture upon return to his country; rather, specific grounds must exist that indicate individual would be personally at risk); Alzawed v. Barr, 970 F.3d 997, 1002 (8th Cir. 2020) (denying petition where substantial evidence supported BIA's conclusion that noncitizen's argument that he would likely be tortured was "based on a chain of assumptions and speculation"). The court denies Ahmed's pending motion to remand the case as moot, and denies the motion to supplemental the record, see Berte v. Ashcroft, 396 F.3d 993, 997 (8th Cir. 2005) (judicial review is limited to administrative record).

---

[1]The denial of cancellation-of-removal, asylum, and withholding-of-removal relief are not before this panel. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised in opening brief is waived).

For the foregoing reasons, we deny the petition for review, and deny the pending motions.  <u>See</u> 8th Cir. R. 47B.

_____