# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2803
_____

Wendy Araceli Castanion-Lopez; A.J.G.C.

*Petitioners*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 14, 2023
Filed: July 11, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Wendy Araceli Castanion-Lopez and her son, natives and citizens of Guatemala, petition for review of a Board of Immigration Appeals (BIA) order denying their motion to remand and affirming the immigration judge's (IJ) decision ordering them removed. Having jurisdiction under 8 U.S.C. § 1252, we deny the petition.

Castanion-Lopez fled with her son to the United States from Guatemala after a group protesting the mayor of her town wrongfully suspected Castanion-Lopez of being involved in the killing of one of its members and retaliated against her. Castanion-Lopez and her son entered the United States without being admitted on or about November 7, 2016. The Department of Homeland Security issued a Notice to Appear for both Castanion-Lopez and her son, charging them with removability. Castanion-Lopez ultimately conceded removability but applied for relief in the form of asylum, statutory withholding of removal, and protection under the Convention Against Torture (CAT). She listed her son as a derivative applicant. In her pre-hearing briefing, Castanion-Lopez claimed persecution on the basis of her political opinion and membership in two particular social groups, specifically, "Guatemalans who are witnesses to mob killings and Guatemalans who are believed to have participated in mob killings." However, at her hearing, Castanion-Lopez's attorney waived her claim for relief based on a political opinion and explained that her son was not requesting relief apart from her asylum application.

The IJ first found Castanion-Lopez's application for asylum untimely. See 8 U.S.C. § 1158(a)(2)(B) (requiring that a noncitizen file an application for asylum "within 1 year after the date of the [noncitizen]'s arrival in the United States"). Nonetheless, the IJ addressed the merits of Castanion-Lopez's claims. First, it determined that the harm she suffered did not constitute persecution. It then found that Castanion-Lopez's purported particular social groups were not cognizable. Finally, it determined that the Guatemalan government did not acquiesce in the mob's conduct and that Castanion-Lopez's fears of future persecution were not well-founded. Accordingly, the IJ denied her application for asylum and statutory withholding of removal. The IJ did not discuss her claim for protection under CAT.

Castanion-Lopez appealed the decision to the BIA with new counsel, generally challenging the IJ's decision and requesting relief on the basis of her former attorney's performance. She also filed a motion to remand based on her

purported membership in the class recognized in the Rojas v. Johnson, 305 F. Supp. 3d 1176 (W.D. Wash. 2018) settlement, which extended the one-year filing deadline for asylum applications for certain noncitizens. The BIA addressed the challenges in a single order. First, the BIA found that Castanion-Lopez failed to challenge the IJ's finding that her purported particular social groups were not cognizable and, accordingly, upheld the IJ's denial of her claims for asylum and statutory withholding of removal. The BIA also determined that Castanion-Lopez did not request protection under CAT before the IJ and, thus, forfeited her opportunity to obtain it. Second, given that the IJ had considered the merits of Castanion-Lopez's claims, the BIA found that the timeliness, or lack thereof, of her application was immaterial to the decision and accordingly denied the motion to remand based on Rojas.

## II.

Castanion-Lopez petitions this Court for review of the BIA's order. First, she claims that the case should be remanded "because the proceedings below were fundamentally unfair and the BIA abused its discretion in refusing to reopen [her] case." Pet'rs' Br. 14.[1] "We review both the denial of a motion to remand and the denial of a motion to reopen for abuse of discretion." Sharif v. Barr, 965 F.3d 612, 618 (8th Cir. 2020) (citation omitted). We will find an abuse of discretion only "if [the BIA's] decision is without rational explanation, departs from established policies, insidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the [noncitizen] or distorts important aspects of the claim." Id. (citation omitted).

Notwithstanding the performance of Castanion-Lopez's attorney before the IJ, we cannot say that the BIA abused its discretion by failing to reopen her case when no such motion was filed with the agency. Castanion-Lopez contends that her

---

[1]Castanion-Lopez did not file a motion to reopen with the BIA. She argues that her BIA appeal and motion to remand, read together, "were effectively a motion to reopen [that] asked the BIA to consider new facts or evidence." Pet'rs' Br. 18.

motion to remand, combined with her appeal to the BIA, created a sufficient basis to put the BIA on notice of her first attorney's allegedly deficient performance and the need to reopen her case. Assuming that an implicit motion to reopen is even possible, Castanion-Lopez's filings did not constitute one before the BIA. Her motion to remand presents no new evidence other than her purported membership in the Rojas settlement class. See Administrative R. 38-40. And her appeal to the BIA makes only two cursory references to this ineffective-assistance claim by referring to Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), the case outlining the standard for ineffective-assistance claims in immigration proceedings. See Administrative R. 21 ("Thus, at this point, Castanion's argument regarding asylum may not be ripe, since a motion to remand or reopen under Matter of Lozada appears to be required."); Administrative R. 28 ("Similar to the asylum issue noted above, the discrepancy in the record without much of an explanation may warrant further inquiry pursuant to Matter of Lozada."). Even so, these references contemplate some future filing and are devoid of any substantive legal argument regarding the alleged ineffective assistance of her former counsel. Accordingly, we find that Castanion-Lopez did not move the BIA to reopen her case, and, thus, the BIA did not err, much less abuse its discretion, by failing to do so.

Second and alternatively, Castanion-Lopez contends that the BIA erred in dismissing her appeal because its findings were not supported by substantial evidence. "We review the BIA's legal determinations de novo and employ the deferential 'substantial evidence' standard when reviewing the BIA's factual determinations." Gonzales v. Garland, 29 F.4th 989, 994 (8th Cir. 2022) (citation omitted). Under the "substantial evidence" standard, "we will affirm the BIA's factual findings 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (citation omitted).

However, it is unnecessary to determine whether substantial evidence supports the BIA's findings because Castanion-Lopez's claims fail as a matter of law. The IJ determined that Castanion-Lopez's purported particular social groups were not cognizable, and, thus, unable to support a claim for asylum or statutory

withholding of removal. See 8 U.S.C. § 1158(b)(1)(B)(i) (restricting eligibility for asylum to those who are persecuted on a statutorily protected basis, including, as relevant here, "membership in a particular social group"); 8 U.S.C. § 1231(b)(3)(A) (restricting eligibility for statutory withholding of removal in the same manner). The BIA found that Castanion-Lopez failed to challenge this dispositive determination and accordingly affirmed the IJ. While she now argues that her purported particular social groups are cognizable before this Court, she fails to explain how she appropriately raised this argument before the BIA and thus properly exhausted her administrative remedies. See Marambo v. Barr, 932 F.3d 650, 654 (8th Cir. 2019) (noting that "we are unable to review [an unexhausted] claim for the first time on a petition for review"). Accordingly, because Castanion-Lopez failed to challenge this determination before the BIA, we are unable to address it on appeal and are left with the IJ's determination that these groups are not cognizable. Because this finding is fatal to her claims for relief, Castanion-Lopez's claims fail as a matter of law.[2]

---

[2]We note that Castanion-Lopez does not directly challenge the BIA's determination that she did not request protection under CAT before the IJ. Instead, she claims that her former attorney's failure to draw attention to the IJ's alleged oversight of the requested relief constituted ineffective assistance. See Pet'rs' Br. 19-20 ("The second most obvious violation of Castanion's procedural due process was the failure of counsel to insist that Castanion had a claim for relief under CAT . . . . This failure resulted in Castanion's forfeiture of her claims for CAT protection before both the IJ and BIA."). Contrary to the BIA's findings, the record appears to suggest that Castanion-Lopez did in fact request withholding of removal under CAT. Administrative R. 330 (Castanion-Lopez's I-589) (indicating that Castanion-Lopez wished to "apply for withholding of removal under the Convention Against Torture"). But because Castanion-Lopez does not directly challenge the BIA's forfeiture determination, we are unable to review it on a petition for review or grant her relief on that basis. See Hassan v. Rosen, 985 F.3d 587, 590 n.1 (8th Cir. 2021) (declining to consider petitioner's arguments regarding CAT relief when petitioner provided "no supporting legal authority and only cursory supporting arguments").

## III.

For the foregoing reasons, we deny the petition for review.

_____